IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EMMANUEL RODGERS,                )
                                 )
              Petitioner,        )
                                 )
       v.                        )  Civ. No. 11-472-SLR
                                 )
DAVID PIERCE, Warden, and        )
ATTORNEY GENERAL OF              )
THE STATE OF DELAWARE,           )
                                 )
              Respondents.[1]    )

---

Emmanuel Rodgers.  Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

---

**MEMORANDUM OPINION**

April  29 , 2014
Wilmington, Delaware

---

[1]Warden David Pierce has replaced former Warden Perry Phelps, an original party to this case.  *See* Fed. R. Civ. P. 25(d).

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Emmanuel Rodgers' ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (D.I. 3)  For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. BACKGROUND

In September 2004, petitioner was indicted on eight counts of second degree rape. *See Rodgers v. State*, 19 A.3d 302 (Table), 2011 WL 1716371, at *1 (Del. May 3, 2011).  These charges were based on allegations that petitioner, who was twenty-eight years old, had intentionally engaged in sexual intercourse with a fourteen year old girl without her consent. *Id.*  In May 2005, a Delaware Superior Court jury convicted petitioner of three counts of second degree rape. *See Rodgers v. State*, 894 A.2d 407 (Table), 2006 WL 568572 (Del. Mar. 7, 2006).  The State moved to have the charges and convictions reduced to fourth degree rape, and the Superior Court granted that motion. *See Rodgers v. State*, 19 A.3d 302 (Table), 2011 WL 1716371, at *1 (Del. May 3, 2011).  The Superior Court then sentenced petitioner as an habitual offender to forty-six years at Level V incarceration, suspended after forty-five years for a period of probation. *See Rodgers*, 2006 WL 568572, at *1.  The Delaware Supreme Court affirmed petitioner's convictions and sentence on March 7, 2006. *Id.*

Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on April 23, 2008.  (D.I. 14 at 5)  A Superior Court Commissioner issued a Report and Recommendation concluding that the Rule 61

motion should be denied as time barred and procedurally defaulted. *See Rodgers*,
2011 WL 1716371, at *1. On October 5, 2010, the Superior Court adopted the
Recommendation and Report and denied petitioner's Rule 61 motion. *Id*. The
Delaware Supreme Court affirmed that decision on May 3, 2011. *See id*. at *2.

Soon thereafter, petitioner filed a § 2254 application asserting two grounds for
relief: (1) the Delaware State Courts erred in denying his Rule 61 motion as time-barred;
and (2) defense counsel provided ineffective assistance during the trial and on direct
appeal. The State filed an answer, asserting that the application should be denied in its
entirety as time-barred or, alternatively, because claim one fails to assert an issue
cognizable on federal habeas review and claim two is procedurally barred.[2] (D.I. 14)

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed
into law by the President on April 23, 1996, and it prescribes a one-year period of
limitations for the filing of habeas petitions by state prisoners. 28 U.S.C.
§ 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;

---

[2]To the extent that claim one merely criticizes the Superior Court's application of Rule
61 and its determination that his Rule 61 motion was time-barred, the court concurs with
the State's assertion that claim one does not present an issue cognizable on federal
habeas review. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)(holding
that the "federal role in reviewing an application for habeas corpus is limited to
evaluating what occurred in the state or federal proceedings that actually led to the
petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not
enter into the habeas proceeding.")(emphasis in original); *see also Lambert v.
Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in [state] collateral
proceedings . . . are not a proper basis for habeas relief"); *Estelle v. McGuire*, 502 US
62, 68 (1991).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  AEDPA's limitations period is subject to statutory and equitable tolling.  *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling);  28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner's § 2254 application, dated May 2011, is subject to the one-year limitations period contained in § 2244(d)(1).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).  Therefore, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review.  *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).  Here, the Delaware Supreme Court affirmed petitioner's convictions and sentence on March 7, 2006, and he did not seek certiorari review of that decision.  As a result, petitioner's judgment of conviction became final on June 6, 2006, meaning that he had to file his § 2254 application by June 6, 2007 in order to comply

3

with AEDPA's one-year filing deadline. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant application until May 23, 2011,[3] almost four full years after the expiration of AEDPA's limitations period. Thus, the instant habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. The court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed a Rule 61 motion in April 2008, almost one full year after the expiration of the limitations period in June 2007. As such, the Rule 61 motion does not have any statutory tolling effect. Accordingly, the application is time-barred, unless equitable tolling applies.

---

[3]According to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003). Petitioner's form application is not dated, but it is time-stamped as received by the clerk's office on May 26, 2011. However, the memorandum in support that was submitted simultaneously with the application is dated May 23, 2011. Thus, applying the prisoner's mailbox rule to the instant case, the court adopts May 23, 2011 as the date of filing. (D.I. 4 at 12)

4

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49 (emphasis added). With respect to the diligence requirement, the burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights;[4] equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). A petitioner's obligation to act diligently applies to both his filing of the federal habeas application and to his filing of state post-conviction applications. *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).

In turn, the Third Circuit has explained that extraordinary circumstances for equitable tolling purposes may be found where:

(1) the defendant actively misled the plaintiff;
(2) the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) the plaintiff timely asserted his rights mistakenly in the wrong forum.

*See Fay v. Horn*, 240 F.3 239, 244 (3d Cir. 2001).

In this case, petitioner alleges that the limitations period should be equitably tolled because the Superior Court did not respond to his three motions for an extension of time to file a Rule 61 motion. Specifically, he contends that he would have filed his Rule 61 motion in a timely manner if the Superior Court had responded to his motions

---

[4]*See Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008).

5

for an extension of time which, in turn, would have enabled him to comply with AEDPA's one-year filing period.  This argument is unavailing.

To begin, petitioner has failed to demonstrate that the Superior Court's failure to respond to his motions for an extension of time amount to an "extraordinary circumstance" for equitable tolling purposes.  Petitioner does not allege that he was actively misled by the State or the Delaware State Courts regarding his pursuit of state post-conviction relief, or that he timely asserted his rights in the wrong forum.  Petitioner also has not shown that the Superior Court's failure to respond to his extension requests "in some extraordinary way" prevented him from timely asserting his rights, because the Superior Court's actions did not leave him without a "viable channel for having any of his claims addressed on the merits."  *Urcinoli*, 546 F.3d at 276.  Notably, petitioner could have filed a timely "protective" federal habeas application in this court along with a motion to stay the proceeding while awaiting the Superior Court's decision on his requests for an extension of time and/or the Rule 61 motion that he eventually filed.

In turn, petitioner has failed to demonstrate that he exercised reasonable diligence in pursuing his rights.  Petitioner does not explain why he waited until there was only one month left in the limitations period applicable to Rule 61 motions before he filed his first extension request in the Superior Court, nor does he explain why he waited more than one year after filing his last extension request to file his Rule 61 motion.  Petitioner could have filed a timely initial Rule 61 motion and then have filed a request to amend that motion with additional claims if needed.  And, even if petitioner's untimely

6

filing of the instant application was the result of a miscalculation regarding the one-year filing period, it is well-settled that such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[5]

## IV.  MOTIONS

During the pendency of this proceeding, petitioner filed a motion for transcripts (D.I. 22) and a motion for summary judgment (D.I. 23). Having decided to deny the instant application as time-barred, the court will deny these motions as moot.

## V.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a

---

[5]Having determined that the application is time-barred, the court will not address the State's additional contention that claim two should be denied as procedurally barred.

7

certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.